*PITOT & AL.* vs. *ELMES & AL.*

FALL 1809,
First District.

Sequestration creates no lien.

PHILIP JOUBERT, being in failing circumstances, the defendants, who had a claim against him, observing he was wasting his goods, made application to a judge, and obtained an order, in virtue of which his property was sequestered. In the mean while, he presented a petition for a meeting of his creditors, and obtained a stay of proceedings against him. At the meeting, the plaintiffs were appointed his syndics, and they moved the court that the sequestered property might be placed in their hands for the benefit of the mass of his creditors.

THE defendants contended that they had by their diligence acquired a lien on the sequestered property for the payment of their debts, as in case of attachment.

*By the Court,* LEWIS, *J. alone.* The only case of sequestration known to the civil law, is when two persons, or more, lay claim to the same property. In this case, the judge orders that, *pendente lite,* the property in dispute shall remain in the hands of sequestrators.

ACCORDING to the laws of Spain, when a creditor proves his demand, and shows, to the satisfaction of the judge, that the debtor is wasting his goods, so that there is danger that, without some summary relief, the property of the debtor will be destroyed or removed out of the reach of the creditor, before, in the ordinary course of

FALL 1809,
First District.

business, judgment may be obtained, the judge orders the debtor's property to be sequestered, unless he gives surety to the creditor.

THIS sequestration is not a proceeding *in rem*. It creates no lien in favour of the person who obtains it. It is not always an orignal process : it is a mere provisional order, which may be had at any stage of the suit, and the judgment that intervenes is against the estate of the debtor generally, not more against the sequestered property than against any other part of it. It consequently creates no lien, no privilege.

MOTION GRANTED.