### THE BANK OF ALABAMA *v.* CHARLES F. HOZEY and another.

The rights of a creditor claiming a privilege on property in the hands of a judicial
   sequestrator, cannot be determined without making such creditor a party to the suit.
   The judicial sequestrator does not represent him.
Where property in the hands of a judicial sequestrator, has been seized under process
   from another court than that which issued the sequestration, *the former tribunal* may
   pronounce upon the validity of the seizure, though it have no power to order a re-
   lease of the sequestration.
A sequestration, whether conventional or judicial, creates no lien or privilege.   It is
   merely a conservative measure.   The possession of the sequestrator is that of the
   party legally entitled to it ; and in all cases the party against whom it has been ob-
   tained, may release the property, by giving bond with surety.
No privilege or lien is created on the fees of office due to a sheriff, by his official de-
   falcations.   The debts due to him, in whatever amount, form, together with his
   other property, a common fund, out of which all his creditors are to be paid.

APPEAL from the District Court of the First Judicial District,

*Buchanan*, J.   This was an action against Hozey and J. M. Bach, on two promissory notes.

BULLARD, J.   The plaintiffs having obtained a judgment, caused a writ of *fieri facias* to be issued against the defendant, Hozey, in virtue of which the sheriff levied, on the 5th of January, 1841, upon his books ; and further proceedings were stayed.   An *alias feri facias* issued afterwards, upon which the sheriff returned that he had seized " in the hands of Frederic Buisson, judicial sequestrator, the goods and chattels, lands and tenements, moneys, effects or property of any kind, which he might have in his possession, or under his control, belonging to the defendant, to an amount sufficient to satisfy this writ, and particularly any money he might now or hereafter have in virtue of his office as judicial sequestrator, of which seizure nothing came into the hands of the sheriff," &c.

The plaintiffs, thereupon, proceeded to propound interrogatories to Buisson, as garnishee, in pursuance of the provisions of the act of 1839.   The first interrogatory related to the amount of money or evidences of debt which the garnishee had in his possession or under his control, belonging to the defendant, Hozey, or in which he had an interest at the time the process was served. To this the garnishee answered : that as judicial sequestrator, appointed by the Commercial Court, he had collected, on the 12th of April, 1841, (the date of the service,) $1532 96 out of the fees of office due to C. F. Hozey, late sheriff of the parish of Orleans ; that in his said capacity, he had been put in possession of a part of the official books of said Hozey ; that it was impossible for him to state particularly the amount of money due to Hozey ; and that he was authorized to collect fees of office due to him.

This is the substance of the only answer of the garnishee, which it is material to notice in this case, inasmuch as it discloses the amount received by him, and the capacity in which it was received.

In addition to the answer of the garnishee, he appeared by counsel, and filed an exception to the jurisdiction of the District Court in relation to the property belonging to Hozey, which the respondent had in his possession, said property having been previously seized, as he alleges, by the Police Jury of New Orleans and others, and before it was put into his hands by mandate of the

Commercial Court, in the case of *The Inhabitants of the Parish of Orleans, represented by the Police Jury* v. *Hozey and his Sureties.*

This exception to the jurisdiction of the District Court in the premises was overruled, and Buisson, as judicial sequestrator, has appealed.

We are clearly of opinion, that Buisson, the garnishee, has no legal capacity to represent the plaintiffs in the case referred to in the Commercial Court, and that the rights of those plaintiffs and the Bank of Alabama to the fund levied upon, cannot be finally adjudicated upon without making the former parties. The question must be regarded only as it concerns the plaintiffs and Buisson, in his character as sequestrator, under the appointment of the Commercial Court, and is not in truth a question of jurisdiction, either in reference to the character of the parties or the subject matter of the controversy. The question presented by the record appears to us to be merely, whether the fund levied upon in the hands of Buisson, be subject to seizure by the creditors of Hozey not parties to the other suit ? If the sequestration ordered by the Commercial Court has not placed that fund beyond the reach of other creditors, then the seizure must be maintained, although it may not avail the seizing creditor without a release of the sequestration, which the District Court has no power to order. That court was certainly competent to pronounce upon the question, without reversing or annulling the judgment or order of the Commercial Court; for the legal effect of the sequestration upon the property sequestered, must depend upon the law, and not upon the order of the court.

The facts appear to be, that at the suit of the inhabitants of the parish of Orleans represented by the Police Jury, in the Commercial Court, the books and papers of Hozey, as late sheriff, were sequestered, together with all the fees of office due to him in that capacity ; that Buisson was appointed sequestrator, with authority to collect the moneys due to Hozey in his official character, and to institute suit upon his bond against his sureties. Under this appointment the garnishee had collected the sum admitted to be in his hands. The question then is, whether that fund is liable to be seized by a judgment creditor of Hozey, whose debt did not

originate in the misfeasance of the late sheriff, and who is not, as styled in the record, an *official creditor*.

It was long since settled, that a sequestration creates no lien or privilege. It preserves things *in statu quo*, and is merely a conservative measure. The possession of the sequestrator is that of the party legally entitled to it. In all cases the party against whom it is obtained may release the property by giving bond with surety, and the condition of the bond is, that the property shall not be sent out of the jurisdiction of the court, that improper use shall not be made of it, and that it shall be faithfully presented after judgment, in case restoration is decreed to the plaintiffs. 1 Martin, 79. 6 Martin, N. S. 476. 10 Martin, 473. Code Pract. art. 269, *et seq*. 279, 280.

In this respect it seems immaterial whether the sequestration be conventional or judicial. The judicial sequestrator is the *public officer provided by law* to execute the orders of the judge. Civ. Code, art. 2941, *et seq*. 2950.

The proceeding had in the case of *The Police Jury* v. *Hozey*, was merely, as it relates to the fund in question, a sequestration, and not a seizure, either as a means of bringing the defendant into court, (which could not be done, as was held in the case of *Stockton* v. *Hasluck*, 10 Martin, 472,) or in execution of a judgment. It is, therefore, a simple conservatory measure, which confers no rights which did not exist before.

We are not ready to admit that what are called the official creditors of the ex-sheriff, are entitled to be paid by preference out of the fees due him for official services. They alone, it is true, have a right to recover against the sureties on their official bond; but that right does not result from the sequestration, nor from the order of the Commercial Court, but from the obligation contracted by the surety to respond for the official conduct of the sheriff. It is not a privilege, but an exclusive right in which the ordinary personal creditors of Hozey can never participate. All the debts due to Hozey, on whatever account, together with his other property, form a common fund, out of which all the creditors are to be paid, according to their legal rank, independently of this sequestration; in other words, we are of opinion, that the fees of office due to the ex-sheriff are not specially affected, either by law

or this sequestration, to pay the claims upon him arising out of his official defalcations. The law has declared no such preference or privilege, and we cannot create one.

We are not now called upon to say in what manner the attaching creditor in the present case is to proceed in order to be paid out of the fund attached, or whether it can be done without calling in the party at whose suit it was sequestered. Our attention is directed exclusively to the question growing out of the exception, to wit, whether the fund was liable to the plaintiffs' attachment or seizure, and, in this respect, we think the District Court did not err in overruling the exception.

The judgment is, therefore, affirmed, with costs, and the case remanded for further proceedings according to law.

*Chinn* and *Slidell* for the appellants.

*Eyma*, for the defendants.